IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TONY R. SMITH, JR., )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV506-093
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald B. Fishman ("ALJ Fishman" or "the ALJ") denying his claim for Disability Insurance Benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding him disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff first filed an application for Disability Insurance Benefits on October 30, 2000, alleging that he became disabled on January 26, 2000. (Tr. at 34). On August 8, 2002, ALJ R.O. Foerster ("ALJ Foerster") held a hearing at which Plaintiff appeared and testified. (Id.). A supplemental hearing was held on March 13, 2003. (Id.). ALJ Foerster found that Plaintiff was disabled from January 26, 2000 through October 2, 2002, the requested Closed Period of Disability. (Id.). Subsequent to this finding of disability, Plaintiff filed a new application for Disability Insurance Benefits on June 23,

AO 72A
(Rev. 8/82)

2003, alleging disability since January 26, 2003. (Tr. at 20). After that application was denied initially and upon reconsideration, ALJ Donald B. Fishman held a hearing on July 6, 2005 at which Plaintiff appeared and testified. Don Harrison, a vocational expert ("VE"), also appeared and testified. (Id.). ALJ Fishman found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act") for the period in question. (Id.). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of ALJ Fishman became the final decision of the Commissioner for judicial review. (Tr. at 6).

Plaintiff was forty-one (41) years old when ALJ Fishman issued his decision. (Tr. at 25). He has a high school education. (Id.). His past work experience includes employment as a machine operator and a forklift operator. (Id.).

## ALJ's FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in a "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in a substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of

Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine whether the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 23). At step two, the ALJ found that Plaintiff has degenerative disc disease of the lumbar spine, status post fusion, an impairment considered "severe" within the Act. (Tr. at 24). However, the ALJ concluded that Plaintiff's medically determinable impairment did not meet or medically equal a listed impairment. (Tr. at 24). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform light exertional work. (Tr. at 25). ALJ Fishman concluded that, based on Plaintiff's residual functional capacity, age, education, and past relevant work experience, there are a significant number of jobs existing in the national economy that

he can still perform. (Tr. at 26). Accordingly, ALJ Fishman determined that Plaintiff was not disabled within the meaning of the Act. (Id.).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that ALJ Fishman failed to properly credit the opinion of Dr. Roberto Garcia, his treating internal physician. Plaintiff asserts that the reasons given for discrediting Garcia's opinion as to Plaintiff's limitations are insufficient. Plaintiff alleges that the ALJ erred in relying upon the consulting physician's opinion. Conversely, Defendant contends that ALJ Fishman provided acceptable reasons for discounting Dr. Garcia's findings, and that his disability determination is, in fact, supported by substantial evidence.

Plaintiff's medical records show that in July of 2005, Dr. Garcia completed a form giving his opinion as to Plaintiff's ability to do work-related activities. (Tr. at 462). Herein, Dr. Garcia indicated that Plaintiff should: (1) lift and carry a maximum of ten pounds on an occasional basis; (2) lift and carry a maximum of less than ten pounds on a frequent basis; (3) stand and walk for a maximum of two hours during an eight-hour day; (4) sit for a maximum of two hours during an eight-hour day; (5) alternate sitting, standing, and walking; and (6) have the ability to lie down at unpredictable intervals some eight times per workday. (Tr. at 462-463). Dr. Garcia pointed to Plaintiff's "severe disabling pain" as the medical finding supportive of these limitations. (Tr. at 463). Dr. Garcia further opined that Plaintiff should never twist, stoop, crouch, or climb ladders, and should only occasionally climb stairs, and that his ability to push and pull would be impaired. (Tr. at 463, 465). Dr. Garcia indicated that Plaintiff's impairment would cause his absence from work more than three times per month. (Tr. at 464). Finally, Dr. Garcia related that Plaintiff should avoid concentrated exposure to wetness,

noise, and fumes, even moderate exposure to humidity and hazards, and all exposure to extreme cold and extreme heat. (Tr. at 465).

A treating physician's opinion is entitled to substantial weight unless good cause not to accord such exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

In evaluating the medical evidence of record, ALJ Fishman detailed Dr. Garcia's opinion as found in the aforementioned physical capacities form. (Tr. at 23, 25). ALJ Fishman concluded, however, that the other medical evidence of record, including other physicians' opinions, clinical findings, and objective test results, "fundamentally contradict[ed]" Dr. Garcia's RFC evaluation. (Tr. at 25). The ALJ noted that Dr. Garcia's RFC form was "not a clinical finding," but was instead based on Plaintiff's subjective report. (Tr. at 25). Summarizing, ALJ Fishman stated that "I do not give great weight to the orthopedic residual functional capacity evaluation by the claimant's treating internist because it is inconsistent with and unsupported by the medical evidence of record . . . ." (Id.).

ALJ Fishman explicitly rejected Dr. Garcia's findings concerning Plaintiff's work-related restrictions and provided good cause for doing so. The ALJ found Dr. Garcia's opinions unsupported by objective medical evidence and inconsistent with the opinions of several specialists who treated Plaintiff. Contrary to Plaintiff's assertion, the ALJ did not reject Dr. Garcia's RFC assessment simply because he "was not a specialist in the area of orthopedics," but instead found that Garcia, who is "not an orthopedist," stated limitations which were wholly inconsistent with the clinical findings of several specialists.

Specifically, Dr. Boggs, a neurologist, found in November 2003 that Plaintiff "did not appear in excruciating pain and that he walked without a limp, could heel and toe walk and had no sensory loss or muscle weakness." (Tr. at 25). In February 2004, Dr. Horn, another neurologist, found that Plaintiff's range of motion was preserved and he had negative straight leg raising despite pain with extreme flexion and extension. (Tr. at 25, 271-272). Plaintiff's reflexes, sensation, and strength were normal. (Id.). Because the results of a previous CT were inconsistent with Plaintiff's then-reported pain and symptoms, a new scan was conducted. (Tr. at 25, 272). The results, however, were similar to the prior test, and thus Plaintiff was referred to Dr. Persaud for pain management. (Tr. at 25, 439). These findings were, as described by the ALJ, inconsistent with Dr. Garcia's assessment that Plaintiff was extremely limited in work-related abilities. While the specialists presented objective clinical findings, Dr. Garcia's assessment was based almost entirely upon Plaintiff's own subjective representations as to his pain and his limitations. The ALJ considered Dr. Garcia's opinion, and explained his reasons for rejecting it with respect to Plaintiff's RFC evaluation. This is the consideration required of treating physician opinions, as discussed above.

Furthermore, while a treating physician's opinion as to the RFC is and was considered, the RFC is an issue which is ultimately reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(2).

Plaintiff contends that the ALJ erred in rejecting Dr. Garcia's assessment and instead basing his RFC determination on evidence from the consultative physician. The opinion of a physician who did not examine the claimant is entitled to little weight when taken alone. Swindle v. Sullivan, 914 F.2d 222, 226 n.3 (11th Cir. 1990). A review of the ALJ's report, however, reveals that such sole reliance was not the case. The consultative report was in line with the medical evidence of record, as noted by the ALJ. (Tr. at 24-25). In determining Plaintiff's residual functional capacity, ALJ Fishman gave weight to the consultative report because its RFC determination was consistent with, and corroborated by, the objective medical evidence of record. Additionally, the ALJ gave less weight to the opinion Dr. Garcia to the extent that it restricted Plaintiff's work ability, because his opinion was based only on Plaintiff's subjective allegations and was unsupported by other objective findings. Accordingly, ALJ Fishman's determination that Plaintiff had the residual functional capacity to perform light work is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED** this 17th day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

8